**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**MIGUEL ALEJANDRO,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-1795-Orl-22DAB**

**ADVANCED BODY MEDICINE, LLC,**
**OSWALDO PEREZ, and MARCOS**
**CABELLO,**

          **Defendants.**

_____

## ORDER

This cause came on for consideration upon the parties filing of their stipulation of dismissal to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*  A Settlement Fairness Hearing was held on August 28, 2006 with counsel for both parties present.

Based on the representations of counsel, Plaintiff was employed by Defendants as a transportation driver from August 15, 2005 to December 2, 2005.  The amount of Plaintiff's entitlement to overtime was much disputed by both sides, with Plaintiff seeking approximately $1,344 for alleged overtime worked and $250 in unpaid gas reimbursement.  The settlement to Plaintiff of $1,000 in unpaid wages and $1,000 in liquidated damages represents three-quarters of the hotly-disputed principal amount Plaintiff sought.

The parties have agreed that Defendant will pay Plaintiff's attorneys $3,000 in attorney's fees and costs.  Plaintiff's counsel, Konstantine Pantas, litigated the case on behalf of Plaintiff, accruing attorney's fees and costs of $3,000, the total amount of which Defendants paid.  The amount of attorney's fees and costs are not unreasonable under the circumstances of this case.

Settlement in the amount of $2,000 to Plaintiff for unpaid wages and liquidated damages, and $3,000 for attorney's fees is a fair and reasonable settlement.  It is **ORDERED** and **ADJUDGED** that this cause is hereby **DISMISSED** with prejudice.  *See* Doc. No. 25.  The Clerk of Court is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Orlando, Florida on August 28, 2006.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

-3-

Copies furnished to:

Counsel of Record